**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ARTHUR CARSON**                                                                                      **PLAINTIFF**

v.                                   **CASE NO. 4:19-CV-00256 BSM**

**ROGER LACY, d/b/a D&B
JANITORIAL SERVICES, et al.**                                               **DEFENDANTS**

## ORDER

The clerk is directed to rename defendant "Corporation Services Co." to "First Advantage Background Services Corporation" on the docket sheet. First Advantage Background Services Corporation's ("First Advantage") motion to dismiss [Doc. No. 8] is granted, and it is dismissed from this lawsuit.

Although the complaint is somewhat difficult to understand, it appears that Arthur Carson applied for a job with D&B/Laidlaw on July 3, 2018. On his application, he was asked whether he had committed any felonies. He stated that he was convicted for assault approximately thirty years ago. D&B/Laidlaw obtained a consumer report from First Advantage, but Carson asserts that he did not consent to the production of this report. He also alleges the report contained false information. D&B/Laidlaw informed Carson that it did not have any positions available for individuals with felony records. Carson now brings claims against D&B/Laidlaw and First Advantage for violations of the Arkansas Civil Rights Act ("ACRA"), Title VII, and the Fair Credit Reporting Act ("FCRA").

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts

to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Iqbal*, 556 U.S. at 663. In ruling on a motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Id.*

Carson's ACRA and Title VII claims against First Advantage are dismissed without prejudice. Both statutes prohibit "employers" from discriminating against job applicants on the basis of a protected class. *See* Ark. Code Ann. § 16-123-107; 42 U.S.C. § 2000e-2(b). The complaint, however, fails to allege that First Advantage controlled the decision of whether to hire Carson or that it was otherwise his employer. *See Ball v. Renner*, 54 F.3d 664, 668 (10th Cir. 1995).

Carson's claim concerning his lack of consent to a credit report under the FCRA is dismissed with prejudice. "When considering . . . a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations omitted); *see also Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). First Advantage has submitted a copy of Carson's employment application to D&B/Laidlaw, which clearly

includes his written consent to consumer and background reports from third parties. *See* Doc. No. 8 at Ex. 2. Because this document concerns "matters incorporated by reference or integral to the claim," it is appropriate to consider it without applying the summary judgment standard. *See Miller*, 688 F.3d at 931 n.3. It is clear that Carson consented to the report—accordingly, his FCRA consent claim is dismissed with prejudice.

Carson's claim that First Advantage violated the FCRA by reporting alias information is dismissed without prejudice. In order to state such a claim under the FCRA, Carson must allege that such information had a substantial impact on D&B/Laidlaw's decision not to hire him. *See Reed v. Experian Info. Solutions, Inc.*, 321 F. Supp. 2d 1109, 1115 (D. Minn. 2004); *Murphy v. Midland Credit Mgmt.*, 456 F. Supp. 2d 1082, 1092 (E.D. Mo. 2006). Carson has failed to do so. In fact, he alleges that D&B/Laidlaw chose not to hire Carson after he disclosed that he had a prior felony conviction and when a D&B/Laidlaw employee stated that they did not have any openings for individuals with a prior felony conviction. Thus, the alias reported by First Advantage does not appear to have impacted D&B/Laidlaw's hiring decision.

Finally, Carson's claim that First Advantage failed to respond to his dispute is dismissed with prejudice. The FCRA's consumer dispute provision applies only to disputes regarding the "completeness or accuracy of any item of information." 15 U.S.C. § 1681i(a). It appears that Carson complained only about his lack of consent to the background

check—he did not dispute the accuracy of the information.  *See* Doc. No. 8 at Ex. 3. Therefore, this claim is dismissed with prejudice.

For these reasons, the claims against First Advantage are dismissed, and it is dismissed from this lawsuit.

IT IS SO ORDERED this 8th day of July 2019.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE