# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**ARTHUR CARSON**                                                                        **PLAINTIFF**

**v.**                                    **CASE NO. 4:19-cv-00256 BSM**

**ROGER LACY,** *et al.*                                                            **DEFENDANTS**

## ORDER

Defendants' motion to dismiss [Doc. No. 54] is granted and Arthur Carson's motion for summary judgment [Doc. No. 50] is denied as moot.

## I. BACKGROUND

Carson is a black man who was denied a job with Laidlaw, Inc. after Laidlaw obtained a background check on Carson that revealed he was a felon. The background check was performed by First Advantage Background Services Corporation. Carson alleges that he did not consent to the background check and that the report contained false information.

Carson filed suit against a number of defendants but the only remaining claims are those against D&B Janitorial Services and its manager, Anita Cotton, for violating Title VII of the Civil Rights Act and the Arkansas Civil Rights Act ("ACRA"). Doc. No. 52. Carson's claims against Laidlaw, First Advantage, and Roger Lacy have been dismissed. Doc. Nos. 17 & 49. D&B, Cotton, and Lacy move to dismiss the remaining claims, although all claims against Lacy have already been dismissed. Doc. No. 49.

## II. LEGAL STANDARD

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which

relief may be granted.  To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient.  *Ashcroft*, 556 U.S. at 678.  In ruling on a motion to dismiss, all well plead allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff.  *Id.*

A.     Title VII

Carson's Title VII claims are dismissed.  The claims against Cotton and Lacy are dismissed because Cotton and Lacy are not individually liable under Title VII.  *See Spencer v. Ripley County State Bank*, 123 F.3d 690, 691–92 (8th Cir. 1997) (no individual supervisor liability under Title VII).  Moreover, Lacy has already been dismissed.  Doc. No. 49.

Carson's claim against D&B is dismissed because Carson has failed to allege a plausible claim of discrimination.  *Twombly*, 550 U.S. at 570.  Carson is not alleging that D&B intentionally discriminated against him, but is alleging that D&B's refusal to hire felons disproportionately impacts black applicants because they are more likely than white applicants to be felons.  Am. Compl. ¶ 5.  He alleges that D&B should have permitted him to present information about his rehabilitation.  *Id.* at ¶¶ 4, 5.

A disparate impact claim is established when "'a complaining party demonstrates that a respondent uses a particular employment practice that causes a disparate impact on the

2

basis of race . . . and the respondent fails to demonstrate that the challenged practice is job related for the position in question and consistent with business necessity.'" *Williams v. Wells Fargo Bank, N.A.*, 901 F.3d 1036, 1040 (8th Cir. 2018) (*citing Bennett v. Nucor Corp.*, 656 F.3d 802, 817 (8th Cir. 2011). To establish a disparate impact claim, Carson must show that there was an actual racial disparity in hiring at D&B. *Id.* at 1040. Carson has failed to allege that D&B has disproportionately fewer black custodians as a result of using felony background checks.

B.    <u>Arkansas Civil Rights Act</u>

Defendants' motion to dismiss Carson's ACRA claim is granted. This is because claims of race discrimination pursuant to the ACRA are analyzed using the same legal framework as claims for race discrimination under Title VII. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 792 (8th Cir. 2011).

IV. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss [Doc. No. 54] is granted, and this case is dismissed with prejudice. Carson's motion for summary judgment [Doc. No. 50] is denied as moot.

IT IS SO ORDERED this 1st day of April 2020.

_____
UNITED STATES DISTRICT JUDGE