FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 9 2021

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ARTHUR CARSON

V.                                    CASE NO. 4:19-CV-256-BSM

ROGER LACY, ET AL.,

PLAINTIFF REQUEST FOR PROTECTIVE ORDER
AND MOTION TO QUASH NOTICE OF DEPOSITION

TO THE HONORABLE JUDGE OF SAID COURT:

 Comes Now the Plaintiff, Arthur Carson, pursuant to Rule 26(c)(1), FRCP., to Prevent

Annoyance, embarrassment, oppression , and undue burden, and expense from Defendant's

Voluminous Request for Production of Documents that goes beyond the direct circumstance

Of this lawsuit. In addition to the overbroad Deposition Request for Documents September

20, 2021,(Exhibit-A, "Notice of Defendant's Deposition".)

1). Defendant Request for Production NO. 12, seek Plaintiff's financial accounts, savings

 Investment accounts from January 1, 2015 to the Present,(Exhibit-B," Defendant production

Of Documents Request").

2). Defendant's Request for production NO. 16, produce all Federal and State income tax

Returns and W-2 forms for the year 2015 to the Present.

3). Defendant's Request NO. 19,  Produce a copy of Plaintiff's itemized mobile phone bills

For the period of June 1, 2018.

4). Request to Produce NO. 28, copies of all documents, applications, determinations, and

(1)

Correspondence relating to Plaintiff's Social Security and Disability, unrelated to lawsuit.

5). Request to Produce NO. 34, All Pleadings, Agreements and Judgments in Carson V.-

Thompson; Carson V. Sumlin; Carson V. Tune; Carson V. LL University LLC; Carson V.-

Quarterman. Even though confidential agreements exist.

Good Cause exist for issuance of a protective Order, the Production Request request is for

Confidential Settlement Agreement, and the above Request for Production Nos. 12, 16,19-

28, have No bearing to the lawsuit, and are only sought as annoyance, oppressions, and

Are unduly burdensome. Contemporaneously, the identical documents are Requested for

The Deposition Notice of September 20, 2021, see (Exhibit -A, attached). The Deposition

Request is nothing more that a "Fishing expedition" fabulously broad and vague in scope, and

Not fashion calculated to lead to relevant evidence, and meant solely to burden, and annoy.

6). Plaintiff have answered More than 14 Interrogatories questions while Defendants

Simultaneously Are seeking Deposition is nothing more than harassment, where The

Defendant's have failed toState the method of Record taking, as per Rule 30(3), FRCP. The

Defendant's have failed to disclose who will conduct the Deposition, and   Plaintiff  have never

stipulated to being deposed September 20, 2021. Plaintiff has attached His certificate of

good-faith herein.

7). Plaintiff is the Sole Caregiver to a Disabled Senior, and Defendants Deposition notice

Fails to provide the length of time required for any deposition will impede His  Caregiver Duties,

As well as compromise Plaintiff  and His Patient to Covid and its variants.

(2)

## WHETHER PLAINTIFF'S PRO SE WORK PRODUCT
## IS PROTECTED BY THE WORK PRODUCT DOCTRINE:

8).There Exist Matters of First Impression, Since Plaintiff is Proceeding Pro Se, The Defendant's

Attorney seek to exploit the lack of Attorney-Client Privilege or Attorney Work Product Protection

Doctrine enjoyed by Attorneys being deposed. Consequently, Defendant's Counsel seek

Disclosure of materials from Plaintiff that would be deemed protected if He were an Attorney,

But for His Pro se Status. " Messages, text messages, financial statements, contracts, studies,

Notations, letters, notebooks, desk calendars, work papers",(Defendant's Notice of Deposition)

Attached. These materials are privileged, confidential.

  The Defendant's Request are Broad and  Overreaching, and would fall within an Attorney

Privileges, In re Grand Jury Witness,(Salas & Waxman, 695 F.2d.359 at 362(9th Cir. 1982).

The Carte Blanche disclosure of Plaintiff's Pro se Work materials Violates His Right to

Meaningful Access to Court, and is a Manifest injustice, which diminishes 28 USC 1654,

"Right to Plead and Manage One's Own Case Personally".

  This Magnitude of Unequal Treatment between Litigants is unfair, since Pro se

Litigants are entitled to a similar  threshold for their Work Product when being deposed

As an Attorney, Shelton V. American Motor Corp., 805 F.2d. 1223, at 1327(8th Cir. 1986).

9). The Burden of the expense to Plaintiff to retrieve the materials sought by Defendants

Creates an undue burden on Plaintiff, who is Indigent.

(3)

WHEREFORE, PREMISES CONSIDERED, Plaintiff Pray This Court Issue a Protective Order

Forbidding the Deposition; Forbidding Disclosure of certain  Pro se Work

Product; conduct Deposition by Remote means; Alternatively Restrict to ten depositions

questions; and All all else Relief This Court deem Just.

RESPECTFULLY SUBMITTED,

_____.                    Dated this 3rd Day of September,2021.
Arthur Carson


CERTIFICATE OF SERVICE:


 I, Arthur Carson, certify, that a copy of the foregoing is hereby being mailed to:

Mr Abtin Mehdizadegan, Attorney for the Defendants, this 3rd day of September, 2021

By United States Mail, postage prepaid.

 I Swear the foregoing statements are True and Correct.

_____.
Arthur Carson
11401 Mesa DR # D-232
Little Rock, AR 72211
(501-240-3437)

(4)

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


ARTHUR CARSON

V.                              CASE NO.4:19-CV-256(BSM)

ROGER LACY


PLAINTIFF'S CERTIFICATE OF GOOD-FAITH


I, Arthur Carson, being duly sworn, deposes and says;

That I am the Plaintiff in the above name, entitled cause, as a result, I have

Communicated with Abtin Mehdizadegan, Attorney for Defendants via email.

I have expressed to Mr Mehdizadegan many times of the problems regarding

Their scheduled deposition date of September 20, 2021, its specifics , such

As for duration. In that I am the sole Caregiver for a Senior Patient who depends

On Me for daily activities, "Eat, dressing," etc. as a result, I have been unable to

Adequately prepare alternative plans for care of My Patient. Also, the Defendant's

Seek disclosure of materials that are confidential, and products of Work, notes

Essential to Me, and most documents requested are avail to Mr.Mehdizadegan through

nexus/lexus, and would be too expensive for Me to obtain. As such, We have been unable

To agree on any of the foregoing matters.

 The Scheduled deposition for September 20, 2021, is solely meant as harassment, and

Not in proportion to the needs of this case, where I have Now Responded to 14 Interrogatory

Questions; 32 admissions questions; and currently responding to 37 Requests for Documents.

 There has been no heightened showing of need for Deposition, specifically a prolong

Deposition process in this case which is centered on Defendant's Policies or Practice.


 I Swear the foregoing statements are true and correct, pursuant to 28 U.S.C. 1746.


Arthur Carson                                    Dated this 3rd day of September, 2021.
11401 Mesa DR D232
Little Rock, AR 72211
(501=2403437)

Exhibit - A

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ARTHUR CARSON**                                                    **PLAINTIFF**

**VS.**                              **CASE NO 4:19-CV-256 (BSM)**

**D&B JANITORIAL SERVICE**                                    **DEFENDANT**

<u>**NOTICE TO TAKE DEPOSITION
OF ARTHUR CARSON**</u>

TO:    Arthur Carson
        11401 Mesa Drive, D232
        Little Rock, AR 72211

Please take notice that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the attorneys for D&B Janitorial Service, will take your deposition upon oral examination on September 20, 2021 beginning 9:00 a.m. at 500 President Clinton Avenue, Little Rock, AR 72201, third floor conference room.

In addition, pursuant to FED. R. CIV. P. 30, you are requested to bring with you the following:

1.    Excluding attorney-client privileged correspondence, bring all records of correspondence between you and any other person, and documents relating to, supporting, substantiating, or otherwise concerning the issues in this litigation. This includes, but is not limited to, any tapes, recordings, e-mails, Instant Messages, text messages, iMessages, electronic communications, files, financial statements, correspondence, notes, recordings, notations, letters, job applications, contracts, iTunes phone backup(s), studies, diaries, scheduling records, books, notebooks, desk calendars, interoffice memoranda or

communications, papers, handwritten notes, work papers, Facebook postings and messages, damages calculations, technical specifications social media postings and direct messages, communication between yourself and current and former employees of Stetson Courier, Inc., affidavits, witness statements, expert materials, correspondence with expert witnesses, and other material and/or documentation relevant to this lawsuit, in their native formats.

2. Any and all calendars, notes, memoranda, tape recordings, or any other documents prepared by or in your possession which relate to, support, substantiate, or otherwise relate to you and the issues in this case.

3. The deposition will be taken before a certified court reporter authorized to administer oaths. The deposition will be recorded by stenographic means and may also be recorded by instant visual display using real-time transcription software. The examination will continue from day to day until released.

4. You are notified to appear at such time and place to be deposed as noted above.

Respectfully submitted,

Abtin Mehdizadegan, Ark. Bar No. 2013136
Missy McJunkins Duke, Ark. Bar No. 1999167
**CROSS. GUNTER, WITHERSPOON**
**& GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone: (501) 371-9999 | Fax: (501) 371-0035
mduke@cgwg.com | abtin@cgwg.com

## CERTIFICATE OF SERVICE

I, Abtin Mehdizadegan of Cross, Gunter, Witherspoon & Galchus, P.C., hereby certify that the foregoing was served upon all parties of record on this 5th day of August, 2021, to wit:

Arthur Carson
11401 Mesa Drive, D232
Little Rock, AR 72211
Artcarson67@gmail.com
**Via E-Mail & Regular U.S. Mail**

*/s/ Abtin Mehdizadegan*
Abtin Mehdizadegan

Exhibit- B

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ARTHUR CARSON**                                                                 **PLAINTIFF**

**VS.**                              **CASE NO 4:19-CV-256 (BSM)**

**D&B JANITORIAL SERVICE**                                          **DEFENDANT**

## DEFENDANT'S FIRST SET OF
## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant D&B Janitorial Services, Inc., erroneously sued as D&B Janitorial Service (D&B or Defendant), by its counsel, CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., propound the following Requests for Production of Documents to Plaintiff Arthur Carson.

## INTRODUCTION

The requests for production that follow should be considered continuing. You are requested to provide by way of supplemental responses hereto such information as you, or any other person acting on your behalf, may hereafter obtain, which augments or otherwise modifies your responses to the requests for production below. Such supplemental responses are to be served upon Defendant immediately upon receipt of such information.

## DEFINITIONS

1.      As used in these requests for production, the terms "you," "your," "yourself," and "Plaintiff," all refer to Plaintiff Arthur Carson and all other persons acting at the direction, under the control, and/or working on behalf of Arthur Carson for all times relevant to these requests for production. If the requested documents are

245494                                          1

known by Plaintiff to exist but are not in the possession of Plaintiff, or subject to his custody or control, or that of his agents, attorneys or any of them, Plaintiff should so indicate and produce documents that show the name of the person or entity and in whose custody such documents may be found.

2.     As used in these requests for production, the term "Defendant" refers the entity identified in Plaintiff's Complaint as Defendant to this action, and all other persons acting at its direction, under its control, and/or on their behalf, for all times relevant to these requests for production.

3.     As used in these requests for production, the term "person" or "persons" means any individual, firm, limited partnership, partnership, corporation, proprietorship, association, joint venture, trust, or any other type of organization or entity.

4.     As used in these requests for production, the term "Complaint" means the Complaint in the above-captioned matter.

5.     As used in these requests for production, "knowledge of," "your knowledge at this time," and "information regarding" means any knowledge comprising or constituting that subject and any knowledge identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

6.     As used in these requests for production, "communication(s)" means any oral statement, dialogue, colloquy, discussion, conversation, or other utterance heard by another person, whether heard in person, by videoconference, or otherwise. Such communication(s) includes any transfer of thoughts or ideas between persons by means of documents, including, but not limited to, letters, memoranda, and other written or

transcribed materials. Also included among such communication(s) is any transfer of data from one location to another by electronic or other similar means, including, but not limited to, e-mail, instant messaging, and text messaging.

7.    As used in these requests for production, "identity," "identify," or another word of similar import and meaning means the following:

a.    When used in reference to an individual person, it means his/her full name, present or last known business affiliation and position, last known residential address, last known telephone number, date of birth, and social security number.

b.    When used in reference to a corporation, firm, sole proprietorship, partnership, or other entity, it means the entity's full name, form of organization, last or present known address, and last or present known telephone number.

c.    When used in reference to a document, it means the type of document (e.g. letter, memorandum, contract, or any other similar document); its author or originator; the date it was originated; its recipients; its present location by address and its custodian; and if the document was, but no longer is, in the possession of Plaintiff or subject to his control, state what disposition was made of it.

d.    When used in reference to an oral communication, it means the full names of all of the participants to the oral communication, their business affiliations and business addresses at the time, their last present or last known positions, their last known residential addresses, the location of each of the participants at the time the oral communication took place, which participants

initiated the oral communication, and the date the oral communication took place.

**8.**    As used in these requests for production, the term "document" means: the original writings (handwritten, typed, or otherwise produced) and any non-identical copy of any written, printed, typed, recorded, or graphic matter (whether different from the original because of notes made upon such copy or otherwise), formal or informal, in the possession, custody, or control of Plaintiff, his agents, representatives, or attorneys known to exist by Plaintiff, his agents, representatives, or attorneys; photographic prints or negatives, microfilm, microfiche, or other photographic matter; sound reproduction systems or tapes; and all letters, envelopes, memoranda, scratch sheets, work sheets, notes, statements, checks, check stubs, evidence of payment, insurance policies, invoices, bills, orders, inspection reports, contracts, specifications, general conditions, special conditions, change orders, requests for proposals, requests for information, submittals, pay applications, contract meeting minutes, consent of surety to final payment, reports, summaries, investigations, opinions, expert opinions, trade letters, books, comparisons, diaries, articles, booklets, manuals, brochures, pamphlets, circulars, bulletins, and notices. Documents shall also include any physical or tangible evidence within the possession or control of Plaintiff, his agents, representatives, and attorneys.

For clarity and reiteration, "document" includes copy(ies) of the foregoing in which any mark, alteration or additional writing or other change from the original or from any other copy, has been made. It also includes any and all documents in the possession of Plaintiff or any of his agents, representatives, or attorneys, or any other person acting on his behalf.

9.    As used in these requests for production, the term "writing" includes, but is not limited to, all originals, duplicates of originals, copies, and other materials, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, or other device or means. The only exception is those materials that are privileged or otherwise protected from discovery.

10.    As used in these requests for production, the term "relate" includes all things that concern, refer to, reflect, evidence, constitute, pertain, or have any logical, factual, or other connection.

11.    As used in these requests for production, any conjunctions used ("and," "or," etc.) should be construed disjunctively or conjunctively as necessary in order to bring within the scope of any request for production all responses which might otherwise be construed to be outside its scope.

12.    If any answer, information, or document is withheld under claim of privilege, a claim of attorney/client privilege, work product doctrine, or claim of a similar kind of nature, please furnish the reasons wherefore, including cases, statutes, and/or regulations upon which you rely in asserting said privilege in sufficient detail to allow the Court to rule upon the claim of privilege.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**    Produce the documents in your possession, custody, or control that relate to, bear upon, or provide information with regard to each allegation set forth in your Complaint against Defendant.

**REQUEST FOR PRODUCTION NO. 2:**    Produce the documents you identified, relied on, or referred to in responding to Defendant's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 3:** Produce any documents in your possession, custody, or control that reflect, refer, or relate to your employment application for a position with Defendant.

**REQUEST FOR PRODUCTION NO. 4:** Produce each document that relates to, bears upon, or provides information regarding your communications with any current or former employee of the Defendant.

**REQUEST FOR PRODUCTION NO. 5:** Produce any audio or video recordings, including telephone answering machine recordings, voice mails, or other messages without limitation, that you have (whether recorded by you or by others) of any conversation you assert supports your claims in this lawsuit, including conversations with any of Defendant's current or former employees and/or agents for the period of January 1, 2017 through the present.

**REQUEST FOR PRODUCTION NO. 6:** Produce each document that relates to, bears upon, or provides information with regard to any alleged wrongdoing by Defendant, any of Defendant's current or former employees, or any other claims or allegations that you have asserted in the Complaint.

**REQUEST FOR PRODUCTION NO. 7:** Produce each document that relates to or contains statements, opinions, or information of any person(s) who have knowledge or information (whether personal or first-hand or otherwise) concerning the facts or circumstances upon which you base the allegations set forth in the Complaint and any documents prepared by you or others that relate to those subjects.

**REQUEST FOR PRODUCTION NO. 8:** Produce each document that has been provided to and/or received from any and every federal, state, or local government agency that relate in any manner to your employment with Laidlaw and/or the matters alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 9:** Produce each document that relates to, bears upon, or provides evidence with regard to any injury, financial loss, and/or economic damage that you claim to have suffered as a result of the matters alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 10:** Produce each document that relates to, bears upon, or provides evidence with regard to any other damages you claim to have suffered as a result of the matters alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents relating to your efforts to seek employment from January 1, 2018 through and including the present, including but not limited to any resumes, applications for employment, cover letters, reference letters, job inquiries, offers of employment, employment agreements, independent contractor and consulting agreements or arrangements, job advertisements or postings, rejection letters, and any other communications with any employer, temporary staffing company, recruiter, or other third party. Please sign the **Employment Records Authorization** attached to these requests, and return it with your responses to these Requests for Production of Documents.

**REQUEST FOR PRODUCTION NO. 12:** Produce statements of financial accounts on which you are a signatory and/or beneficiary, including but not limited to checking accounts, savings accounts, investment accounts, and other financial accounts, for the period of January 1, 2015, to the present.

245494                                    7

**REQUEST FOR PRODUCTION NO. 13:** Produce all online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and online communications you created referring and/or relating to the allegations set forth in the Complaint.

**REQUEST FOR PRODUCTION NO. 14:** Produce copies of all correspondence and documents, including but not limited to text messages, emails, instant messages, Facebook messages, and messages on LinkedIn or other messaging platforms exchanged between yourself and any other person relating to, bearing upon, or involving this lawsuit.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents relating to the ownership structure or formation of any business organization or entity owned or operated by you at any time between January 1, 2015 through and including the present.

**REQUEST FOR PRODUCTION NO. 16:** Produce all Federal and state income tax returns and Internal Revenue Service W-2 forms for the year 2015 to the present, and any forms or documents showing Plaintiff's income from self-employment or other employment or business venture not reflected on the Internal Revenue Service form or tax return. This request includes, without limitation, the following:

> a.    All W-2 income tax forms for 2015 to the present, inclusive for which tax returns are unavailable or incomplete and payroll checks demonstrating income derived by Plaintiff from 2015 to the present;

b.　　Any other documents that relate to or provide evidence of Plaintiff's earnings from any employer from January 1, 2015, to the present, including but not limited to offer letters, pay stubs, payroll deposit records, etc.

c.　　Any other documents related to any monies received from whatever source or service for the period January 1, 2015, to the present, including unemployment benefits, workers' compensation benefits, long term disability, social security and pension benefits, or welfare benefits that are not reflected in prior documents.

**REQUEST FOR PRODUCTION NO. 17**: To the extent not produced in response to the requests above, produce all documents that relate to, bear upon, or provide evidence with regard to any other damages you claim to have suffered as a result of the matters alleged in the Complaint, including your alleged entitlement to compensatory damages.

**REQUEST FOR PRODUCTION NO. 18**: Produce all documents related to your allegations that the Defendant engaged in discrimination on the basis of race against you.

**REQUEST FOR PRODUCTION NO. 19**: Produce a copy of Plaintiff's itemized mobile phone bills for the period of June 1, 2018 through the present. Please execute the **Consent to Release of Phone Records** attached to these requests.

**REQUEST FOR PRODUCTION NO. 20**: Produce all documents evidencing or relating to any admission allegedly made by Defendant regarding the allegations set forth in the Complaint.

**REQUEST FOR PRODUCTION NO. 21**: Please produce all affidavits, sworn statements, notes, and other documents sent to, received from or otherwise relating to

245494　　　　　　　　　　　　　　9

any person you intend to call as a witness at trial, either in person, through deposition testimony, or through an affidavit.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents that contain or otherwise relate to facts that you contend refute, in any way, any of Defendant's defenses.

**REQUEST FOR PRODUCTION NO. 23:** To the extent not produced in response to the foregoing requests, produce all documents submitted to or received from, and all communications with the U.S. Equal Employment Opportunity Commission, the Little Rock Police Department, the Pulaski County Sheriff's Department, and the Arkansas State Police, including but not limited to documents relating to your Complaint or Charge of Discrimination, for the period of January 1, 2018 through the present.

**REQUEST FOR PRODUCTION NO. 24:** Produce all documents you intend to use as exhibits in this lawsuit, whether in support of any motion, during any pre-trial proceedings, and/or at trial, to the extent that they were not produced in response to the foregoing Requests.

**REQUEST FOR PRODUCTION NO. 25:** Produce a copy of your current *résumé*.

**REQUEST FOR PRODUCTION NO. 26:** Produce copies of all educational and training diplomas, certifications, and acknowledgements that relate to the experience listed on your resume.

**REQUEST FOR PRODUCTION NO. 27:** Produce copies of all pleadings filed in any lawsuit to which you were a party for the period of January 1, 2010 through the present.

**REQUEST FOR PRODUCTION NO. 28:** Produce copies of all documents, applications, determinations, and correspondence relating to your requests for disability or social security benefits.

**REQUEST FOR PRODUCTION NO. 29:** Produce all records relating to your felony criminal convictions under which you were adjudicated as guilty.

**REQUEST FOR PRODUCTION NO. 30:** Produce all records relating to any claim for unemployment benefits that you submitted for the period of January 1, 2017 to the present.

**REQUEST FOR PRODUCTION NO. 31:** Produce all records relating to your alleged "injuries" you contend you sustained as a result of the allegations set forth in your Complaint.

**REQUEST FOR PRODUCTION NO. 32:** Produce all Court Orders directed to you regarding your failure to comply with rules and procedures established by the Court issuing the Order.

**REQUEST FOR PRODUCTION NO. 33:** To the extent not produced in response to the foregoing requests, produce all employment records relating in any way to Plaintiff, whether employed or self-employed, the records relating to the fact and duration of unemployment, the records of Workers's Compensation, Unemployment Insurance, Welfare, and applications for assistance from any governmental agency because of unemployment, disability, or ill health, and all income records for a period of five years prior to the time of the occurrence alleged in Plaintiff's Complaint up to and including the present date.

**REQUEST FOR PRODUCTION NO. 34:** Produce all documents, pleadings, discovery materials, notes, agreements, discovery documents, orders, and judgments in

your possession, custody, or control relating to the following lawsuits: *Carson v. Thompson*, 4:11-CV-733 (DPM); *Carson v. Sumlin*, 4:15-CV-193 (BSM); *Carson v. Tune*, 4:17-CV-432 (BSM); *Carson v. LL University LLC*, 4:18-CV-275 (SWW); and *Carson v. Quarterman*, 6:08-CV-512.

**REQUEST FOR PRODUCTION NO. 35:** Produce all documents supporting the statistical allegations contained in the Complaint regarding the relevant workforce within the Little Rock, Arkansas metropolitan statistical area.

**REQUEST FOR PRODUCTION NO. 36:** Produce all applications for *in forma pauperis* status that you have filed in any action for the period of January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 37:** Produce all documents referenced or relied upon in responding to Defendant's First Set of Requests for Admission.

These Requests are to be treated as continuing pursuant to Rules 26(e)(1) & (2) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Abtin Mehdizadegan*
Abtin Mehdizadegan, Ark. Bar No. 2013136
Missy McJunkins Duke, Ark. Bar No. 1999167
**CROSS, GUNTER, WITHERSPOON**
   **& GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone: (501) 371-9999 | Fax: (501) 371-0035
mduke@cgwg.com | abtin@cgwg.com
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2021, I served a copy of the foregoing document upon the following in the manner specified below:

Arthur Carson
11401 Mesa Drive #D232
Little Rock, AR 72211
Artcarson67@gmail.com
***Via Email & U.S. Mail***

*/s/ Abtin Mehdizadegan*

## **EMPLOYMENT RECORDS RELEASE AUTHORIZATION**

By way of this Release, I, **ARTHUR CARSON**, hereby expressly authorize the release of my personnel file, employment application, wage information, earning information, notes, and statements, and any memoranda in your possession that relate to my employment with your company and/or organization for the period of **January 1, 2010 to the present**. In addition, you are authorized to release any and all records concerning my employment application and any personnel records dealing with my seeking employment, as well as with my salary and wage information relating to my employment with your company, for the same period of time.

This authorization was signed voluntarily by me, with the express understanding that the law firm of CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., c/o Abtin Mehdizadegan, 500 President Clinton Avenue, Suite 200, Little Rock, AR 72201, or its representatives, should have complete access to my records. A photostatic copy of this authorization shall serve in the place of the original.

_____        _____
Arthur Carson                                              Date
11401 Mesa Drive #D232
Little Rock, AR 72211

245494                                          14

## CELLULAR TELEPHONE RECORDS RELEASE

TO CARRIER:_____

      By way of this Release, I, Arthur Carson hereby expressly authorize the release of all itemized account detail (including all call and message detail) and other records available for the following telephone numbers for the period from April 1, 2018 to the present.

      This authorization was signed voluntarily by me, with the express understanding that the law firm of CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., c/o Abtin Mehdizadegan, 500 President Clinton Avenue, Suite 200, Little Rock, AR 72201, or its representatives, should have complete access to my records. A Photostatic copy of this authorization shall serve in the place of the original.


                                  _____

                                  Arthur Carson
                                  11401 Mesa Drive #D232
                                  Little Rock, AR 72211

                                  Phone Number: _____

                                  SSN: _____